# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONTRELL JOHNSON,

    Plaintiff,

v.                                                        Case No. 08-C-297

WILLIAM J. POLLARD, MS. GREENWOOD,
PETE ERICKSON, JEAN LUTSY,
WILLIAM SWIEKATOWSKI, MICHAEL BAENEN,
SARAH COOPER, CO II VANLOO, CO II STOYDLE,
CO II ZUGY, and CO II ROADS,

    Defendants.

## ORDER

Before the court is the plaintiff's motion to amend the complaint along with a proposed amended complaint. For the reasons stated herein, the plaintiff's motion will be denied.

On June 3, 2008, the court screened the April 9, 2008, original complaint pursuant to 28 U.S.C. § 1915A and granted the plaintiff's motion for leave to proceed *in forma pauperis* on Eighth Amendment and retaliation claims. The June 3, 2008 Screening Order does not address the plaintiff's motion to amend and proposed amended complaint, which were filed on May 29, 2008.

A party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). However, the court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is

deficient and would not survive a motion to dismiss. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Moreover, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993).

The proposed amended complaint seeks to add two new defendants and two new claims. First, it adds a due process claim against Lt. Campbell and defendant Erickson because they took the plaintiff's clothes and other linen for three days, leaving him with underwear and a "dress" to wear, without due process. Second, the proposed amended complaint seeks to add a claim against Sergeant Bode, Lt. Campbell, and defendant Erickson for punishing the plaintiff twice for one single offense, in violation of the double jeopardy clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment.

The plaintiff has not identified a constitutionally protected interest in life, liberty, or property and, therefore, he does not state a claim for violation of due process. *See Townsend v. Fuchs*, 522 F.3d 765, 771-72 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Also, his allegations do not implicate the double jeopardy clause of the Fifth Amendment, which protects a criminal defendant from repeated prosecutions for the same offense. *See Oregon v. Kennedy*, 456 U.S. 667, 671 (1982).

Allowing the plaintiff to amend the complaint would be futile. Thus, his motion to amend will be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to amend the complaint (Docket #5) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge