# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONTRELL JOHNSON,

    Plaintiff,

v.                                                       Case No. 08-C-297

WILLIAM J. POLLARD, MS. GREENWOOD,[1]
PETE ERICKSON, JENA LUTSY,
WILLIAM SWIEKATOWSKI, MICHAEL BAENEN,
SARAH COOPER, CO II VANLOO,
CO II STOYDLE,[2] CO II ZUGY,[3] and CO II ROADS,[4]

    Defendants.

## ORDER

    The plaintiff, who is incarcerated at the Green Bay Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is proceeding *in forma pauperis* on claims that the defendants subjected him to unconstitutional conditions of confinement and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, and that the defendants retaliated against him for complaining to prison officials. There are several motions pending, which will be addressed herein.

---

[1] J. Greenwood is properly identified as Jeananne Zwiers. (Answer ¶ 5.)

[2] CO II Stoydle is properly identified as CO II Steudel. (Answer ¶ 10.)

[3] CO II Zugy is properly identified as CO II Zuge. (Answer ¶ 12.)

[4] CO II Roads is properly identified as CO II Rhoades. (Answer ¶ 11.)

**Plaintiff's Motions to Appoint Counsel**

The plaintiff filed his second and third motions to appoint counsel on June 11, 2008, and June 23, 2008, respectively. He contends that imprisonment will greatly limit his ability to litigate, a trial will likely involve conflicting testimony and counsel would better enable him to present evidence and cross examine witnesses, and that he is not allowed to pass legal work to other inmates.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir.2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)).

The plaintiff asserts that he has attempted to obtain an attorney on his own. However, the issues in this case at this stage are not complicated. Morever, based on the plaintiff's filings, he is capable of litigating on his own at this time. Thus, the plaintiff's motions to appoint counsel will be denied.

### Plaintiff's Motion to Amend the Complaint

On June 23, 2008, the plaintiff filed a motion to amend the complaint along with a proposed amended complaint. The proposed amended complaint does not add new defendants or claims. Rather, it expands on the three legal claims upon which the plaintiff is proceeding, which were identified in the original complaint, by adding new and recent allegations relative to those claims. A party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). The plaintiff filed his motion to amend before the defendants filed their answer. Thus, the motion will be granted. Based on the foregoing, the defendants' motion for screening order and motion to postpone filing of defendants' answer will be denied as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motions to appoint counsel (Docket #10 and #16) be and hereby are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint (Docket #15) be and hereby is **GRANTED**. The June 23, 2008, proposed amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the defendants' motion for order (Docket #18) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the clerk's office correct the docket as follows: defendant J. Greenwood is properly identified as Jeananne Zwiers; CO II Stoydle is properly identified as CO II Steudel; CO II Zugy is properly identified as CO II Zuge; and CO II Roads is properly identified as CO II Rhoades.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge