# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONTRELL JOHNSON,

        Plaintiff,

v.                                                            Case No. 08-C-297

WILLIAM J. POLLARD, PETE ERICKSON,
JEAN LUTSY, WILLIAM SWIEKATOWSKI,
MICHAEL BAENEN, SARAH COOPER,
CO II VANLOO, JEANANNE ZWIERS,
CO II STEUDEL, DO II ZUGE, and CO II RHOADES,

        Defendants.

## ORDER

The plaintiff has filed his fourth motion to appoint counsel. The defendants have filed a motion to sever unrelated claims, a motion to stay proceedings, and a motion for extension of time. All of these motions will be addressed herein.

### Motion to Appoint Counsel

Similar to his second and third motions, the plaintiff's fourth motion for appointment of counsel asserts that he has unsuccessfully attempted to find an attorney and that, due to the complexity of this case, he is unable to litigate on his own. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. §1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold

matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-65 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993)).

The plaintiff's filings throughout this case, and in particular his recent filings, together with the relative difficulty of the case at this stage of the proceedings, reveal that he is capable of litigating on his own. Accordingly, the plaintiff's motion to appoint counsel will be denied.

### **Defendants' Motion to Sever**

On August 29, 2008, the defendants filed a motion to sever unrelated parties and claims pursuant to Federal Rule of Civil Procedure 21. The defendants contend that the amended complaint violates Rules 20(a) and 18(a) in that it "is replete with claims that involve different defendants and different factual transactions." (Mot. to Sever at 3.) The defendants request that the court sever all unrelated claims and parties under Rule 21, screen each individual claim pursuant to 28 U.S.C. § 1915(g), charge a filing fee for each severed claim that the plaintiff chooses to proceed with in a separate civil suit, and give the plaintiff a strike for each claim that fails to state a claim upon which relief can be granted.

The plaintiff maintains that his claims should not be severed. He asserts that the defendants "are all related to the plaintiff, employed at the same state institution,

-2-

Case 2:08-cv-00297-JPS   Filed 12/02/08   Page 2 of 7   Document 41

and occurred while the [plaintiff] was within the segregation unit, during a time frame which exposed the plaintiff to the harassment of the defendants." (Pl.'s Resp. at 2.) He further asserts that "[e]ach alleged action by itself does not represent the harassment and overall constitutional violations as suggested by the plaintiff, yet when the acts of the defendants are taken as a whole, there is clear pattern of harassment and abuse as the plaintiff claims." *Id.*

The amended complaint names eleven defendants who were all employed at the Green Bay Correctional Institution (GBCI) at all times relevant. The plaintiff alleges that, starting in January 2008, the defendants violated his constitutional rights while he was incarcerated in the segregation unit at GBCI. The amended complaint contains the following introductory paragraph:

> Starting on or about 1/9/08 defendants have engaged in a course of conduct separately and together, which was and which is intentionally and deliberately calculated to deprive a person incarcerated in a prison facility of the State of Wisconsin rights guaranteed to such person by the Constitution of the United States of America; the history of the most shocking, horrendous, and flagrant constitutional violations as well as the ignoring of and disregard for civil rights and decency by the defendants has required this plaintiff to now seek federal court intervention and will certainly earn the State of Wisconsin Department of Corrections a reputation of the most scandalous nature in the field to penal corrections, the retaliatory, conspiratorial, oppressive, and unconstitutional pattern of conduct by persons referred to within this paragraph continues up to the present time, and unless the relief asked for herein in granted, it shall continue into the future, to the irreparable harm of plaintiff.

(Am. Compl. ¶ 15.) The remainder of the complaint details that alleged constitutional violations, which consist of Eighth Amendment conditions of confinement and

medical care claims as well as claims that the defendants retaliated against him for complaining about the conditions and medical care while in segregation.

As instructed by the Court of Appeals in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *Id.* at 607. Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the Court of Appeals in *George* reminded district courts that Federal Rule of Civil Procedure 20(a) applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20(a), persons may be joined in one action as defendants if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Thus, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his

-4-

Case 2:08-cv-00297-JPS   Filed 12/02/08   Page 4 of 7   Document 41

copyright, all in different transactions - should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

The court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994); *Intercon Reasearch, Assocs., Ltd. v. Dresser Indus.*, 696 F.2d 53, 56 (7th Cir. 1982). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon*, 696 F.2d at 57; *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1653 (3d ed. 2001). However, the standard is flexible to enable courts "to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." 7 Wright, Miller & Kane, *supra.*

The amended complaint alleges a pattern of conduct that occurred within the segregation unit at GBCI during a specified period of time. Taken together, the plaintiff's allegations regarding the overall conditions and treatment he received while in segregation implicate his constitutional rights. The claims, therefore, satisfy the "same transaction or occurrence" prong under Rule 20(a). Moreover, severing these claims into separate cases would waste judicial resources and be inefficient. *See* 7 Wright, Miller & Kane, *supra.* (stating that "the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court"). Under the second prong, "Rule 20(a) does not require that every question of law or

-5-

Case 2:08-cv-00297-JPS   Filed 12/02/08   Page 5 of 7   Document 41

fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact." *Id.* The retaliation claim is common to all of the defendants. Because the plaintiff's claims are properly joined under Rule 20(a), the multiple defendants also satisfy Rule 18. *See* Wright, Miller & Kane, *supra.* § 1655. Based on the foregoing, the defendants' motion to sever will be denied.

Finally, on November 10, 2008, the defendants filed a motion to reschedule deadlines set forth in the August 21, 2008 Scheduling Order. They seek additional time to conduct discovery and file dispositive motions, if necessary, following the court's resolution of their motion to sever. Upon due consideration, the defendants' motion will be granted and the relevant deadlines will be adjusted as set forth below.

Accordingly,

**IT IS ORDERED** that the plaintiff's fourth motion to appoint counsel (Docket #28) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to sever unrelated parties and claims (Docket #29) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to stay proceedings pending resolution of their motion to sever (Docket #30) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time (Docket #40) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order is amended as follows: the deadline for the completion of discovery is **January 26, 2009**, and the deadline for filing dispositive motions is **February 27, 2009**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge